## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| TROY CUNNINGHAM | § | CIVIL ACTION NO. _____ |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| THE KITCHEN COLLECTION, LLC | § | |
| Defendant. | § | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff, TROY CUNNINGHAM, individually and on behalf of all others similarly situated, by his attorneys Shavitz Law Group, P.A., alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Store Managers or in comparable roles with different titles ("SMs") for Defendant THE KITCHEN COLLECTION, LLC ("Defendant") anywhere in the United States.

2.     THE KITCHEN COLLECTION operates over 200 retail store locations across the United States, including Pennsylvania, Illinois, Ohio, Texas and Oregon.  From these store locations, Defendant sells "bakeware, cookware, small appliances, marble and ceramics, great gadgets for every kitchen task and the best of As Seen on TV." https://www.kitchencollection.com/about-us/ (last viewed October 26, 2017).

3.     THE KITCHEN COLLECTION staffs its stores leanly, and strictly manages hours worked by non-exempt workers to avoid paying them overtime.  To compensate for this deliberate understaffing, THE KITCHEN COLLECTION relies heavily on its salaried SMs to perform the duties of non-exempt employees when there are not enough hourly employees to do

so.  Because of THE KITCHEN COLLECTION's retail hours and lean staffing model, SMs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

4.     Although they are labeled "managers," SMs are not responsible for true management functions.  To the contrary, SMs spend the vast majority of their time performing the same duties as non-exempt employees.  SMs' primary duties, which occupy the majority of their time, are:   customer service, making sales, receiving and processing shipments, merchandising and placing products on the sales floor based on directions from THE KITCHEN COLLECTION.

5.     The primary duties of SMs do not fall within any of the exemptions under federal or state overtime laws.

6.     The primary duties of the SM position do not vary among THE KITCHEN COLLECTION's stores.

7.     Throughout the relevant period, THE KITCHEN COLLECTION's policy across its stores has been to uniformly classify SMs as exempt from federal and state overtime provisions and not pay SMs any overtime wages.

8.     THE KITCHEN COLLECTION regularly requires SMs to work in excess of 40 hours per workweek.

9.     By failing to pay SMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., ("FLSA").

10.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant nationwide who elect to opt-in to this action pursuant to the FLSA

and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## THE PARTIES

11.     Plaintiff TROY CUNNINGHAM ("Plaintiff") is an adult individual who is a resident of Richardson, Texas.

12.     Plaintiff was employed by Defendant as a SM from approximately January 2009 to February 2015 at a THE KITCHEN COLLECTION location in Allen, Texas.

13.     Defendant paid Cunningham an annual salary of approximately $36,000.00.

14.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.  Plaintiff typically worked between 45 and 55 hours per week.  Plaintiff was not paid overtime wages for the hours he worked as a SM in excess of 40 each week.

15.     At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA.

16.     A written consent form for Plaintiff is attached hereto as Exhibit A.

17.     THE KITCHEN COLLECTION is an Ohio limited liability company with a principal place of business in Chillicothe, Ohio.

18.     "THE KITCHEN COLLECTION, LLC may be served through its registered agent, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO, whose address is 211 E 7th Street, Suite 620 Austin, Texas 78701."

19.     At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

20.     Throughout the relevant period, Defendant employed Plaintiff and other SMs within the meaning of the FLSA.  Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

21.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and other SMs, including timekeeping, payroll and other employment practices that applied to them.

22.     Defendant applies the same employment policies, practices, and procedures to all SMs.

23.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

25.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(3) because Defendant does business in this district, and employed Plaintiff here.

## FACTUAL ALLEGATIONS

27.     Plaintiff brings this cause of action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as SMs at any THE KITCHEN COLLECTION location in the United States, on or after October 26, 2014, who elect to opt-in to this action (the "FLSA Collective").

28.     Throughout his employment with Defendant, Plaintiff and other SMs regularly worked in excess of 40 hours per week.

29.     Defendant was aware that Plaintiff and other SMs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

30.     Defendant failed to keep accurate records of the hours that Plaintiff and other SMs worked.

31.     The primary duties of Plaintiff and other SMs were non-exempt in nature.  They performed the same duties as the hourly employees who were entitled to overtime such as customer service, sales, receiving and processing shipments, merchandising and placing products on the sales floor.

32.     Plaintiff and other SMs were closely supervised by their District Managers, and through common corporate policies and procedures that defined and circumscribed their work. District Managers were responsible for the overall performance of the stores.  Plaintiff and other SMs were not responsible for the overall performance of the stores.

33.     Plaintiff and other SMs did not have authority to hire or fire store employees, nor did they have much, if any, input into who was hired and fired.

34.     During the relevant period, Defendant uniformly classified SMs as exempt from the FLSA's overtime pay requirements.

35.     Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

36.     Defendant was aware, or should have been aware, that the FLSA required it to pay Plaintiff and other SMs overtime compensation for hours worked in excess of 40 per week.

37.     Defendant was aware, or should have been aware, that Plaintiff's and other SMs' primary duties were customer service, sales, receiving and processing shipments, and merchandising, and that these duties do not fall within any overtime exemption under the FLSA.

38.     Defendant's failure to pay Plaintiff and other SMs overtime was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

39.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective performed.

40.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

   a.     willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b.     willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

   c.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective have worked for the benefit of Defendant.

41.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective an overtime premium for hours worked in excess of 40 per workweek.

42.     Plaintiff and the FLSA Collective all perform or performed the same primary duties.

43.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

**(On behalf of Plaintiff and the FLSA Collective)**

44.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

46.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

49.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50.     At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51.     Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

52.     Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

53.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

54.     As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

55.     As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA, and the supporting United States Department of Labor's and state regulations;

C.     Pre-judgment interest and post-judgment interest as provided by law;

D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.      Reasonable incentive awards for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other SMs, and the risks they have undertaken.

F.      Attorneys' fees and costs of the action; and

G.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

s/Alan L. Quiles
Alan L. Quiles
Texas Bar No. 24075418
aquiles@shavitzlaw.com
Gregg I. Shavitz (to be admitted *pro hac vice*)
gshavitz@shavitlzlaw.com
Camar R. Jones (to be admitted *pro hac vice*)
cjones@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel:    (561) 447-8888
Fax:    (561) 447-8831

*Attorneys for Plaintiff and the Putative Class*

Signed this 26th day of October, 2017.

# Exhibit A

DocuSign Envelope ID: 57030391-5048-4DBD-8A5F-828884B0FBD8

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Kitchen Collection, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

DD20ADC28E824FE...

Signature

Troy Cunningham

Print Name

JS 44 (Rev. 11/15) District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TROY CUNNINGHAM,

## DEFENDANTS

THE KITCHEN COLLECTION, LLC,

**(b)** County of Residence of First Listed Plaintiff    Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shavitz Law Group, P.A., 1515 South Federal Hwy, Suite 404, Boca Raton, Florida 33432, p:(561) 447-8888; f:(561) 447-8831.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 216(b) ACTION FOR UNPAID OVERTIME WAGES
Brief description of cause:
AP Docket

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE ___   DOCKET NUMBER ___

DATE  10/26/2017   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| TROY CUNNINGHAM | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| THE KITCHEN COLLECTION, LLC | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THE KITCHEN COLLECTION, LLC
Corporation Service Company DBA Csc-Lawyers Inco
211 E. 7th St., Suite 620
Austin, TX 78701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Alan L. Quiles, Esq.
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
P: (561) 447-8888; F: (561) 447-8831

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: