# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TROY CUNNINGHAM, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | **CIVIL ACTION NO. 4:17-CV-770** |
| | | **JUDGE MAZZANT/JUDGE JOHNSON** |
| THE KITCHEN COLLECTION, LLC, | | |
| Defendant. | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 14, 2018, the report of the Magistrate Judge (Dkt. #43) was entered containing proposed findings of fact and recommendations that Defendant The Kitchen Collection, LLC's Rule 12(b)(1) Motion to Dismiss and Brief in Support (Dkt. #27) should be **DENIED**.

Defendant The Kitchen Collection, LLC ("Defendant") filed objections to the Report. *See* Dkt. #50. The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Defendant first objects to the Magistrate Judge's reasoning that the Motion to Dismiss (Dkt. #27) should be denied because Defendant unilaterally decided the correct amount of damages owed to Plaintiff. *See* Dkt. #50 at 6-8. Defendant first relies on language from the dissenting opinion in *Campbell-Ewald v. Gomez*, 136 S. Ct. 663 (2016), in support of its objection. Defendant further argues that Plaintiff has not objected to Defendant's damages calculation, and therefore, it

accurately reflects full redress (and more) of any harm Plaintiff has alleged. *See id.* Lastly, Defendant argues that its damages calculation was based on Plaintiff's time records and cannot, therefore, be disputed. *See id.*

As the Report notes, Plaintiff never offered Defendant a calculation of its damages. *See* Dkt. #43 at 5. Moreover, although Defendant contends there is no dispute regarding actual damages, Defendant concedes in its own Motion to Dismiss that Plaintiff returned the full "tender" checks on two separate occasions. *See* Dkt. #27 at 5. Defendant attached a letter it received from Plaintiff's attorney explaining why he had returned the checks, stating that "the payments do not sufficiently compensate my clients for the unpaid overtime they are claiming." Dkt. #27-4 at 14. Accordingly, the evidence supports the Magistrate Judge's finding that, at this early stage of the litigation, there remains a factual dispute regarding damages. Thus, the Court finds no error in the Magistrate Judge's conclusion, and Defendant's objection is overruled.

Defendant also objects to the Magistrate Judge's Report by reasserting its argument that Plaintiff's individual claim is moot. The Court overruled Defendant's first objection, finding no error in the Magistrate Judge's conclusion that Plaintiff's damages are in dispute. Consequently, Plaintiff's claims are not moot and this objection is, likewise, overruled.

Based on the foregoing, Defendant's Motion to Dismiss (Dkt. #27) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 10th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE