IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TROY CUNNINGHAM,<br><br>     Plaintiff,<br><br>v.<br><br>THE KITCHEN COLLECTION, LLC,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No.: 4:17-cv-770-ALM-KPJ<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISRATE JUDGE**

Before the Court is the Joint Motion for Approval of FLSA Collective Action Settlement (the "Joint Motion") (Dkt. 72). In the Joint Motion, the Parties represent they have reached a settlement agreement (the "Settlement Agreement") (*see* Dkt. 75-2) which resolves all claims and request that the Court approve the Settlement Agreement. *See* Dkt. 72. Upon review of the Joint Motion, the parties' Memorandum of Law (Dkt. 75), the Settlement Agreement, and the record in this case, the Court recommends the Joint Motion (Dkt. 72) be **GRANTED**.

**I. BACKGROUND**

On October 26, 2017, Plaintiff Troy Cunningham (the "Named Plaintiff") filed this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendant The Kitchen Collection, LLC ("TKC" or "Defendant") failed to pay him and others similarly situated, overtime compensation during the time they were employed as salaried, exempt-classified Store Managers ("SMs"). *See* Dkt. 1. Since suit was filed, eighty-nine additional SMs (the "Opt-In Plaintiffs") have joined the action in addition to the Named Plaintiff.

This case has been extensively litigated, including contested motion practice as to conditional certification (Dkt. 10), Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. 27), the Named Plaintiff's Motion for Sanctions relating to Defendant's Motion to Dismiss (Dkt. 34), and Plaintiff's Motion for Equitable Tolling (Dkt. 22). Further, the parties represent they have engaged in extensive discovery, including formal written discovery, the deposition of the Named Plaintiff, and the Deposition of the Opt-In Plaintiff Katie McMullen ("McMullen"), as well as the exchanging of almost 2,500 pages of documents. *See* Dkt. 75 at 2. Further, the parties attended a full day mediation conference and engaged in exhaustive post-mediation settlement negotiations. *See id*. The Joint Motion represents the parties' conclusion that further litigation of this matter would be protracted and expensive, and without an admission of liability, the parties have agreed to fully and finally settle this matter upon the terms and conditions set forth in the Settlement Agreement. *See* Dkt. 75-2.

On June 19, 2019, the parties appeared before the undersigned regarding the Joint Motion. *See* Dkt. 77. At that time, both parties stated on the record that they waive the fourteen-day objection period pursuant to 28 U.S.C. § 636(b)(1)(C). *See id*.

## II. ANALYSIS

Regarding approval of the Settlement Agreement, the Court may, but is not required to, approve the Settlement Agreement for it to be effective. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (citing *Martinez v. Bohls Bearing Equipment Co.*, 361 F.Supp.2d 608, 631 (W.D. Tex. 2005) (holding that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances.")); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164–65 (5th Cir. 2015).

Having reviewed the Settlement Agreement, the Court is satisfied that the Settlement Agreement represents a reasonable compromise of the disputed claims in this action. The parties have agreed that each Plaintiff and Opt-In Plaintiff shall receive a settlement payment (the "Settlement Check") in consideration for settlement and release of all disputed claims in this matter. *See* Dkt. 72 at 6. Moreover, having reviewed the parties' proposed notice (the "Notice") (Dkt. 75-2 at 21) and procedures for mailing of the Notice and accompanying Settlement Check, the Court is satisfied that the Notice is fair, reasonable, and adequate.[1] Accordingly, the Court recommends the Settlement Agreement and Notice (Dkt. 75-2 at 2, 21) be approved.

Having considered the appointment of Rust Consulting, Inc., as the Claims Administrator in this matter, and its fees and costs for issuing Notice and Settlement Checks, the Court finds the costs and expenses are fair and reasonable for the work performed, and recommends the appointment be approved. Additionally, the Court recommends Rust Consulting, Inc.'s fees and costs for issuing the Notice and the Settlement Checks be approved.

Having reviewed the additional payments to the Named Plaintiff and Opt-In Plaintiff McMullen to acknowledge their service to the Opt-In Plaintiffs (the "Service Awards"), the Court finds that the Service Awards are fair and reasonable. Accordingly, the Court recommends the Service Awards be approved.

---

[1] At the June 19, 2019, hearing, the parties requested the Court approve the Notice as stated in ¶ 4.1 of the Settlement Agreement. *See* Dkt. 75-2 at 12. The Notice, mailed to the eligible settlement class members and printed above the space for endorsement on the Settlement Check, reads as follows:

> By signing and cashing this check, I waive, release, and forever discharge [The Kitchen Collection, LLC] and its past, present, and future affiliates, parents, subsidiaries, predecessors, successors, and related companies and all of their respective past, present, and future officers, directors, employees, agents, insurers, executives, representatives, assigns, and attorneys from any and all claims for wages, minimum wage, and overtime I have or may have had under the FLSA or any other law during the time I worked as an exempt-classified Store Manager from the three (3) year period preceding my filing of a Consent to join the Litigation to January 1, 2018. This includes claims for liquidated damages, penalties, attorneys' fees, costs, and expenses.

*See* Dkt. 75-2 at 12. The Court recommends this Notice be approved.

According to the Settlement Agreement, Plaintiffs' counsel seeks attorney's fees and reimbursement of out-of-pocket costs and expenses incurred in litigating and resolving this matter. Having reviewed the record, including ledger of work completed by counsel, the Court finds the separately negotiated attorney's fees are reasonable. Accordingly, the Court recommends Plaintiffs' attorney's fees and reimbursement of out-of-pocket costs and expenses be approved.

### III. CONCLUSION

Having reviewed the Settlement Agreement (Dkt. 75-2), the Court is satisfied that it represents a reasonable compromise of the disputed claims in this action. Accordingly, the Court recommends that the Joint Motion (Dkt. 72) be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

The Court further recommends the Confidential Settlement Agreement (Dkt. 75-2 at 2) and Notice (Dkt. 75-2 at 21) be **APPROVED**. The Court further recommends Rust Consulting, Inc., be approved as Claims Administrator, along with its fees and expenses associated with its role as Claims Administrator, and that the Service Awards to the Named Plaintiff Troy Cunningham and Opt-In Plaintiff McMullen be **APPROVED**. Finally, the Court recommends Plaintiffs' attorney's fees and request for reimbursement of costs and expenses be **APPROVED**.

**IT IS SO ORDERED**.
**SIGNED this 25th day of June, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE